UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

| | |
|---|---|
| KATHY O'MALLEY, <br> Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| TOWN OF EGREMONT, CHARLES OGDEN, HARRY MEYER, AND, DONALD GLEASON, <br> Defendants | ) <br> ) <br> ) <br> ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL WITH THE UNITED STATES DISTRICT COURT

Defendants hereby give notice of their filing with the United States District Court, District of Massachusetts, Western Division, their Notice of Removal. A copy of the Notice of Removal is attached hereto as Exhibit A.

THE DEFENDANTS

By _____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

403426

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-30151-MAP

KATHY O'MALLEY,
    Plaintiff

vs.

TOWN OF EGREMONT, CHARLES
OGDEN, HARRY MEYER, AND,
DONALD GLEASON,
    Defendants

## NOTICE OF REMOVAL

Defendants in the above titled action, by their undersigned attorney, and pursuant to 28 U.S.C. 1441, *et seq.*, state as follows:

1. Defendants exercise their rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the Berkshire Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Berkshire County, in which this case is now pending under the name and style: <u>Kathy O'Malley vs. Town of Egremont, Charles Ogeden, Harry Meyer, and, Donald Gleason</u>, Civil Action No.: BECV2005-00077-A.

2. This is an action in which the Superior Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3. Specifically, plaintiff alleges a violation of her First, Fourth, Fifth, Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983.

4. This action was filed on or about March 9, 2005. Summons dated June 6, 2005, and the complaint was served on the defendants on or about June 10, 2005. In accordance with the

403425

requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within 30 days after the service of the summons and complaint upon the defendants.

5. Pursuant to 28 U.S.C. §1446, the defendants are filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

    (a) Summons dated June 6, 2005;

    (b) Complaint.

6. Based on the foregoing, the defendants respectfully request that this action be removed from the Superior Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Berkshire Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7. Written notice of the filing of this Notice will be given to adverse parties.

8. A copy of this petition will be filed with the clerk of the Superior Court Department, Berkshire Division.

WHEREFORE, the defendants respectfully request that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

THE DEFENDANTS

By _____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

403425

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 24th day of June, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, David E. Ashworth, Esq., of 11 Pleasant Street, Worcester, MA 01609.

Subscribed under the penalties of perjury.

_____
Nancy Frankel Pelletier, Esq.

403425

M04P021881

M. Macdona

PROCESS SERVER
ARRESTED PERSON

JUL 5 - 2005

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-077

KATHY O'MALLEY ......................................................, Plaintiff(s)

v.

TOWN OF EGREMONT, ET AL., ..................................., Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ......David E. Ashworth, Esq.......,
plaintiff's attorney, whose address is ......11 Pleasant Street, Worcester, MA 01609.................................................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN   , Esquire at Pittsfield, the ......June 6, 2005.......... day of ........................, in the year of our Lord one thousand nine hundred and .................................

Deborah S Capeless
CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 - 6-75 — 2500

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................, 19........, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................................

................................................................................................................................................................

................................................................................................................................................................

Dated: ......6/6/05........, 19........            ................................................................

**N.B. TO PROCESS SERVER:—**
    PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
    THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON
JUL 6 - 2005

, 19 .

and 86.00 $ Witness fee

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION

No. ........................

........................, Plff(s).

........................, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTSnm

2005 JUN 10 AM 8: 34

BERSHIRE, SS

PITTSFIELD SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. 05-

KATHY O'MALLEY,
    Plaintiff,

V.

TOWN OF EGREMONT, CHARLES
OGDEN, HARRY MEYER, AND,
DONALD GLEASON,
    Defendants,

COMPLAINT AND DEMAND
FOR JURY TRIAL

## PARTIES

1. The plaintiff is Kathy O'Malley,(hereinafter, Ms O'Malley), a resident of the Commonwealth of Massachusetts with a mailing address of 45 Lakeside Drive, P.O. Box 34, North Egremont, Massachusetts, 01252.

2. The defendant is, The Town of Egremont, a governmental entity of the Commonwealth of Massachusetts, with a mailing address of 171 Egremont Plain Road, Town Municipal Building S. Egremont, MA 01258.

3. The defendant is, Donald Gleason, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 206 Egremont Plain Road, N. Egremont, MA 01252.

4. The defendant is Harry Meyer, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 5 Tyrell Road, Egremont, MA 01252

5. The defendant is Charles Ogden, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 153 Baldwin Hill N/S, Egremont, MA 01252.

## STATEMENT OF FACTS

6. Ms. O'Malley's home is located on 45 Lakeside Drive, a private way in the Town of North Egremont, Massachusetts, (hereinafter, the "Town"), which is not maintained or plowed by the Town, and she sought to commence an initiative petition to see if the voters would agree to maintain this road within the town budget.

7. Ms. O'Malley followed the requisite procedures for procuring a initiative and referendum petition under the principles set forth in M.G.L.A. c.53 s.22A, and/or M.G.L.A. c.43 s.38-39, and set out to obtain the necessary number of signatures to place the petition or measure before the voters of the Town.

8. In the great New England tradition, Ms. O'Malley commenced her political campaign and petitioning activities at the town transfer station and/or town dump.

9. The operation and maintenance of Transfer Station premises is a governmental function and is regulated by Massachusetts law, town ordinance and/or by-laws, and Ms. O'Malley had the legal right to access said premises as did town residents and public, and the defendant public employee responsible for the transfer station were Defendant Harry Meyer, assisted by Defendant Donald Gleason. The Chairman of the Board of Selectmen was Defendant Charles Ogden.

10. On divers dates including March 2nd, 9th and 10th of 2002, Ms. O'Malley was collecting signatures and otherwise reasonably conducting petitioning [political] activities, speech, voting rights and peaceable assembly at the Town Transfer Station, which is located on public property and is a public forum with citizens right of access.

11. On divers dates including March 2nd, 9th and March 10th, 2002, under color of state law, at the suggestion, agreement or acquiescence of Selectman Ogden, Mr. Meyer and Mr. Gleason, defendants who worked at the transfer station approached Ms. O'Malley, verbally harassed her, and threatened her with serious bodily harm and/or physically intimidated her and coerced her to cease her campaigning or petitioning efforts, and interfered with and deprived her of personal, political and civil rights, including her right to gather signatures [petition], to speak, to vote, to peaceably assemble, to privacy, to due process and in violation of her state and federal statutory rights and constitutional rights including her substantive liberty right to be free from bodily harm and arbitrary state action.

12. Plebiscite rights and rights to vote on referendum or other direct measures, to campaign for such measures, or to win the opportunity to present them to the public, are closely allied with the rights pertaining to the choice of governmental representatives and/or the right to vote.

13. On March 2, 2002, at the Town of Egremont Transfer Station, Ms. O'Malley's rights to petition, vote, free speech and to be free from arbitrary, threatening or intimidating conduct from public officials and employees, were violated where defendants' harassing verbal conduct and threats substantially interfered with Ms. O'Malley's legitimate speech, liberty, election, voting and petitioning activities

14. March 9, 2002, at approximately 1:00 p.m., Ms. O'Malley was collecting signatures at the Transfer Station, and as she walked from her car to the landfill she was besieged with loud, angry statements from two men, Defendants' Gleason and Meyer, who loudly and violently yelled, among other things, "you are not allowed here...get out of here", telling others...."don't sign anything".

15. Sunday morning, March 10, 2002, while Ms. O'Malley was at the Egremont Transfer Station, she was confronted with deliberate, loud, angry, hostile, threatening and intimidating statements to leave the premises....., when Defendant Meyer said, "I'll make you leave with this bat", at which time he came from the door way of the shed/office on the premises toward Ms. O'Malley, holding a floor lamp over his head in a threatening gesture toward her.

16. On Sunday March 10, 2002, at the town transfer station, Mr. Meyer engaged in assaultive, unreasonably offensive and threatening conduct toward Ms. O'Malley to have her immediately leave and cease all political activity, speech and petitioning in this regard. Ms. O'Malley left the premises in fear. Ms. O'Malley and Mary B. heard Defendant Ogden tell Meyer and Gleason, "I thought I told you to throw her out of here".

17. Ms. O'Malley verbally complained to the Town on March 2nd, 9th, and 10th, 2002, and on March 11, 2002, Ms. O'Malley filed a formal written complaint with the Board of Selectmen for the Town Of Egremont, claiming threatening, intimidating, abusive, egregious and assaultive concerted conduct by certain defendants, which caused her harm and deprived and impeded her ability to exercise her constitutional rights and lawfully obtain signatures for her initiative petition.

18. On March 14, 2002, a fact finding hearing before the Board of Selectmen was held inquiring into the incident, Mr. Meyer attended and wrongfully denied his, and other defendants' conduct, thereby continuing defendants' unconstitutional conduct, failure to supervise and failure to investigate and afford Ms. O'Malley adequate due process, and Defendant Meyer left this meeting before it was concluded.

19. On or about March 15, 2002, Ms. O'Malley attended a Board of Selectman's meeting asking for a continuance of the statutory signature gathering deadline given the fact she was prevented by public officials from lawfully collecting signatures, she further asked for police protection and to investigate all defendants' conduct, and if the allegations were supported, to at minimum, terminate Mr. Meyer's employment; defendants continued to deny their unlawful conduct and further deprived Ms. O'Malley of her constitutional rights.

20. On March 15, 2002, Egremont Police Department Chief Bucknell attended the meeting and made available the report of Officer William Mooney, about the incident otherwise reported by Ms. O'Malley that occurred on March 10, 2002, at about 13:15 hours.

21. On March 26, 2002, Great Barrington District Court, Criminal Division held a Clerk Magistrate Show Cause hearing where the case was continued for nine months to December 24, 2002.

22. On or about April 18, 2002, Board of Selectman Chairman, Defendant Ogden wrote a letter to Ms. O'Malley stating that "appropriate action to rectify the situation...was already taken", but no information on what action was taken was provided to Ms. O'Malley after her inquiry, and she was further subjected to a unconstitutional conduct, a failure to supervise, a failure to investigate, an implementation of an unconstitutional town policy and procedure, and a continued violation of her constitutional and statutory rights due to defendants' actions and inactions with respect to her allegations.

23. The April 18, 2002, letter inaccurately referred only to defendant Gleason's behavior and not Defendant Meyer or Ogden's conduct, regarding behavior toward Ms. O'Malley at the Transfer Station. Defendant Meyer was the person who threatened Ms. O'Malley with a floor lamp, however this specific issue has never been reasonably or adequately adressed with respect to her claims.[ex. "A"]

24. Such extreme and outrageous actions were taken by defendants' with a deliberate indifference to Ms. O'Malley's state and federal constitutional rights, and state and federal law.

25. In a seemingly related matter, on or about June 19, 2003, Ms. O'Malley was issued a written notice of violation of an Egremont Zoning By-law, 5.1.2, which under the objective facts and circumstances constitutes retaliatory conduct against Ms. O'Malley for the exercise of her constitutional rights to speak, petition, vote, peaceably assemble, and to participate in government.

26. On July 31, 2003, Ms. O'Malley wrote to the Town of Egremont Building Inspector, Mr. Race, concerning allegations that her shed was in violation of a zoning by-law, stating that she is being treated unfairly, and singled out, and that many other people in town, including abutters, have sheds that would be in violation of the same by-law, and specifically requested that this matter be handled in conjunction with the allegation of a zoning by-law violation against her.

27. Ms. O'Malley responded and has given notice to the Town of persons and abutters' zoning violations which encroach on her property and while action on her alleged violation has moved forward against Ms. O'Malley, no response, action or corrective remedy has taken place viz a viz complaints by Ms. O'Malley's against abutters and other similarly situated residents of the town.

28. Ms. O'Malley's brings her claims against Defendants Mr. Charles Ogden, Mr. Harry Meyer, and Mr. Donald Gleason, in their individual and official capacities, and against the Town of Egremont, for failure to supervise town employees; for the maintenance of unconstitutional policies and procedures; for acting and failing to act to create or prevent a harm causing activity, for unconstitutional and unlawful conduct using coercive and assaultive behavior to prevent Ms. O'Malley from exercising her constitutionally protected "core" rights to political action and political speech, as well as reckless and wilful concerted conduct to use an town officials' authority to influence or coerce the political action of Ms. O'Malley with deliberate indifference to the violation of her civil rights secured by the United States Constitution, Massachusetts Declaration of Rights, Article IX, and state and federal law. Ms. O'Mally claims that she was singled out by Mr Ogden, Mr. Meyer and Mr. Gleason for her petitioning [political] activity and became the target of hostile, coercive and threatening activity, and that defendants' actions and conduct,

together, constitute a civil conspiracy and an unlawful infringement upon Ms. O'Malley's constitutional right to petition the government, free speech, civil rights, liberty rights and due process rights.

30. On January 28, 2004, Ms. O'Malley made her demand under the provisions of M.G.L.A. c.258 s.4, that the Town pay to Ms. O'Malley damages, to compensate her for her loss, emotional distress, to pay for any costs of litigation, and given the egregiousness of defendants' conduct, to deter future conduct which constitutes deliberate indifference to Ms. O'Malley's, or any other citizens, clearly established state and federal constitutional rights.

## CAUSES OF ACTION

### COUNT I
(Violation of Part 1, Article IX of the Massachusetts Declaration of Rights)

31. Plaintiff repeats and realleges the allegations contained in paragraphs one through 30.

32. Ms. O'Malley was legally present at the town Transfer Station, located on public property at the time and date of her allegations, and conducted herself in a reasonable and unobtrusive manner in furtherance of her petitioning activities and at no time and in no way, did she cause disruption, interfere with, block or impede the function of the Transfer Station and residents of the Town were permitted the right of public access, and to the extent it was an traditionally effective location to obtain signatures, it was a public forum.

33. Ms. O'Mally's right to elect and commence an initiative petition and right to vote under Article 9 of the Massachusetts Declaration of Rights was violated ans as a direct and proximate result of defendants' unlawful and wrongful actions, inactions, unconstitutional policies and failure to supervise, taking into consideration such factors as the type of forum [Transfer Station], and the deliberate, wilful and egregious threats, deprivations and restrictions placed upon her constitutional right to engage in such protected activities, Ms.O'Malley's constitutional rights under Article IX of the Massachusetts Declaration of Rights, has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Article IX of the Massachusetts Declaration of Rights , and seeks compensatory damages, statutory damages, punitive damges, emotional distress damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

### COUNT II
(M.G.L.A. c.12 s.11I and 11H)

34. Plaintiff repeats and realleges the allegations contained in paragraphs one through 33.

35. Ms. O'Malley's constitutional rights and rights secured by state and federal law were interfered with and attempted to be interfered with by defendants, and such interference and attempted interference was carried out by means of threats intimidation and coercion.

36. The unlawful actions of Defendants' Ogden, Meyer and Gleason, and the Town was concerted activity to interfere, influence, coerce and/or prevent plaintiff from exercising her constitutional rights to petition the town government to place the issue of plowing and sanding certain private ways in Egremont Massachusetts, on the ballot, and was carried out with deliberate indifference to Ms. O'Malley's clearly established rights under the United States and Massachusetts Constitutions, as well as state and federal law.

37. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of M.G.L.A. c.12 s.11I and 11H, and seeks compensatory damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

### COUNT III
(Violation of Article XLVIII of the Massachusetts Declaration of Rights)

38. Plaintiff repeats and realleges the allegations contained in paragraphs one through 37.

39. Defendants' conduct in its entirety violated Article XLVIII, of the Massachusetts Declaration of Rights, in connection with Ms. O'Malley's rights with respect to initiative and referendum petitions.

40. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Article LXXVII of the Massachusetts Declaration of Rights, and seeks compensatory damages, statutory damages, punitive damges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT IV
(Violation of 14th Amendment Due Process Rights)

41. Plaintiff repeats and realleges the allegations contained in paragraphs one through 40.

42. Under the Fourteenth Amendment to the United States Constitution, the liberty interest as contemplated by due process clause, serves as protection against arbitrary deprivation by state government officials.

43. There no plausible basis for restricting Ms. O'Malley's activities and speech in this manner, and the apparent oral revocation of Ms. O'Malley's liberty right to be present at the transfer station to engage in petitioning activities and protected speech, and the method used to deprive Ms. O'Malley of her civil, personal and political rights constitutes arbitrary and capricious state action, including but not limited to prior restraint of expression activities in a traditional public forum, and constitute a violation Ms. O'Malleys rights under the 5th and Fourteenth Amendments to the United States Constitution.

44. Fundamental fairness and clearly established rights and principles of government dictate that Mr. Ogden, Mr. Meyer, Mr. Gleason and the Town, violated Ms. O'Malley's due process rights under the Fourteenth Amendment to the United States Constitution

45. Defendants actions and inactions which were extreme and outrageous were designed to deprive, violate, abridge, limit or deny Ms. O'Malley's state and federal constitutional and statutory rights to petition the government, speak, assemble and legally participate in the governing process, were all done without affording her clearly established due process rights to protect citizens like her from arbitrary and capricious governmental activity.

46. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks assurances of future non-interference with lawful political activities, monetary damages, including but not limited to, the costs of this action, attorneys fees and any other relief as the court may deem just and proper

WHEREFORE, plaintiff demands judgement against Defendants for violation of the 14th Amendment to the United States Constitution, and seeks compensatory damages, statutory damages, punitive damAges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT V
(Civil Assault)

47. Plaintiff repeats and realleges the allegations contained in paragraphs one through 46.

48. Defendant Meyer's conduct of approaching Ms. O'Malley aggressively and offensively raising a lamp above his head in a threatening and intimidating manner toward Ms. O'Malley, to cause her to reasonably be placed in fear of imminent bodily harm and to force her off the public property and from a public forum where she was petitioning, campaigning and speaking, constitutes a civil assault.

49. In addition, Ms. O'Malley will seek injunctive relief, if necessary, in the form of a court order permitting Ms. O'Malley to openly campaign and petition the government to put this same issue on the ballot for the next election, without unlawful interference, and to take any other reasonable measures as the court may deem just and proper.

50. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for common law civil assault, and seeks compensatory damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT VI
(Violation of S.1983)

51. Plaintiff repeats and realleges the allegations contained in paragraphs one through 50.

52. Under color of state law, defendants' acted improperly and unlawfully to deny Ms. O'Malley her state and federal right to petition the government, to vote, to elect and be elected, to speak, to assemble and her liberty rights and otherwise violated her constitutional rights by means of threats, intimidation and coercion, and with deliberate indifference, caused her to suffer a depravation of her constitutional rights.

53. On divers dates including March 2nd, 9th and March 10th, 2002, under color of state law, at the suggestion, agreement or acquiescence of Selectman Ogden, Mr. Meyer and Mr. Gleason, defendants who worked at the transfer station approached Ms. O'Malley, verbally harassed her, and threatened her with serious bodily harm and/or physically intimidated her and coerced her, on all three occasions, to cease her campaigning or petitioning efforts, and to interfere with and deprive her of personal, political and civil rights, including her right to gather signatures [petition], to speak, to vote, to peaceably assemble, to privacy, to due process and her substantive liberty right to be free from bodily harm.

54. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action pursuant to 42 U.S.C. s.1983.

WHEREFORE, Ms. O'Malley demands judgement against defendants for violation of 42 USC S.1983, for the violation of Ms. O'Malley's constitutional, personal and political rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, and for violation of Article IX of the Massachusetts Declaration of Rights, violation of M.G.L.A. c.12 s.11A and H, and other constitutional torts, including civil assault, and seeks compensatory damages, emotional distress damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

### COUNT VII
(Violation of First Amendment Right to Free Speech)

55. Plaintiff repeats and realleges the allegations contained in paragraphs one through

56. Ms. O'Malley claims that, under color of state law, her liberty right to petition the government, to engage in political speech, and to privacy were deprived and violated by the defendant town and it's officials, arbitrarily, capriciously and unlawfully, and provided no procedural protections or judicial relief for content based prior restraint of Ms. O'Malley's petitioning and political expression activities, and vilated Ms. O'Malley's free speech and privacy rights under the First Amendment to the United States Constitution.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Ms. O'Malley's right to free speech under the First Amendment to the United States Constitution and the state costitutional counterpart, and seeks special damages, compensatory damages, statutory damages, punitive damges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

### COUNT VIII
(Defendants' Supervisory Liability)

57. Plaintiff repeats and realleges the allegations contained in paragraphs one through 56.

58. Defendant supervisors grossly negligently failed to supervise defendant public employees' conduct under the circumstances, especially with prior notice of unlawful conduct toward Ms. O'Malley in violation of her clearly established constitutional rights to free speech, to vote, to petition the government, to assemble and to lawfully participate in government.

59. As a direct and proximate result of actions, inactions, extreme and outrageous conduct of individual defendants, and defendants' acquiescence and participation in the unconstitutional conduct, and the maintenance and execution of unconstitutional policies and procedures of the Town, Ms. O'Malley suffered a direct and immediate violation of her clearly established constitutional rights.

WHEREFORE, Ms. O'Malley demands judgement against defendants for supervisory liability, gross negligence in supervision, and deliberate indifference to risk of harm and violation of her constitutional, personal and political rights, and seeks compensatory damages, attorneys fees, reasonable costs of the action, punitive damages, emotional distress damages, non economic damages, statutory interest, and any such other relief as the court may deem just and proper.

### COUNT IX
(Mass. Tort Claims Act c.258 s.2)

60. Plaintiff repeats and realleges the allegations contained in paragraphs one through 59.

61. The defendant's are liable for negligence and for the risk creating conduct which caused Ms. O'Malley to suffer damages and a deprivation of her constitutional rights.

WHEREFORE, Ms. O'Malley demands judgement against defendants under M.G.L.A. c.258 s.2, for gross negligence, common law torts, supervisory liability, and deliberate indifference to risk of harm and violation of her constitutional, personal and political rights, and seeks compensatory damages, attorneys fees, reasonable costs of the action, punitive damages, emotional distress damages, non economic damages, statutory interest, and any such other relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Mass. R. Civ. P. Rule 38, the plaintiff demands a jury trial on all issues so triable.

Respectfully submitted
Kathey O'Malley, Plaintiff
By her Attorney,

David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

## CERTIFICATION OF SERVICE

I, hereby certify that a true copy of the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL**, was served by facsimile and mail, upon, the defendants, c/o Mr. Phillip Reilly, Chairman of the Board of Selectmen, Town of Egremont, 171 Egremont Plain Road, S. Egremont, MA 01258, and Jerome Scully, Esq., Town Counsel, Hannon, Lerner, Cowhig, Scully & Bell, 184 Main Street, Lee, MA 01238, by telefax and mail this 9th day of March, 2005.

_____
David E. Ashworth, Esq.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
KATHY O'MALLEY

### DEFENDANTS
TOWN OF EGREMONT, et. al.

(b) County of Residence of First Listed Plaintiff **Berkshire**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Berkshire**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609

Attorneys (If Known)
Nancy Frankel Pelletier, Esq., of Robinson Donovan, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] ~~151 Medicare~~ Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act / [ ] 865 RSI (405(g)) | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | Habeas Corpus: [ ] 530 General | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [X] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The plaintiff alleges a violation of her First, Fourth, Fifth, Eighth and Fourteenth Amendment Rights pursuant to 42 U.S.C. §1983.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: June 24, 2005
SIGNATURE OF ATTORNEY OF RECORD: _[signature]_

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   KATHY O'MALLEY v. TOWN OF EGREMONT

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Not Applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☒

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Nancy Frankel Pelletier, Esq., of Robinson Donovan, P.C.
ADDRESS  1500 Main Street, Suite 1600, Springfield, MA 01115
TELEPHONE NO.  (413) 732-2301

(Coversheetlocal.wpd - 10/17/02)