MAS-20041213
obrient

Case 3:05-cv-30151-MAP    Document 3    Filed 07/07/2005    Page 1 of 15

Commonwealth of Massachusetts

07/06/2005
10:42 AM

BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## BECV2005-00077
## O'Malley v Town of Egremont et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 03/11/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 07/05/2005 | **Session** | A - Civil A - CtRm 1 | | | |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) | | | |
| **Lead Case** | | **Track** | A | | *05 CV 30151-MAP* | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/09/2005 | **Answer** | 08/08/2005 | **Rule12/19/20** | 08/08/2005 |
| **Rule 15** | 06/04/2006 | **Discovery** | 04/30/2007 | **Rule 56** | 06/29/2007 |
| **Final PTC** | 10/27/2007 | **Disposition** | 03/10/2008 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Kathy O'Malley
Active 03/11/2005

**Private Counsel 549850**
David E Ashworth
11 Pleasant Street
Worcester, MA 01609
Phone: 508-753-9199
Fax: 508-831-9639
Active 03/11/2005 Notify

**Defendant**
Town of Egremont
Served: 06/17/2005
Served (answr pending) 06/17/2005

**Defendant**
Harry Meyer, in individual and official capacities
Served: 06/17/2005
Served (answr pending) 06/17/2005

A True Copy

Attest: _Deborah S Capeless_
Clerk

**Defendant**
Donald Gleason, in individual and official capacities
Served: 06/17/2005
Served (answr pending) 06/17/2005

**BERKSHIRE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## BECV2005-00077
### O'Malley v Town of Egremont et al

| **Defendant** | |
|---|---|
| Charles Ogden, in individual and official capacities<br>Served: 06/17/2005<br>Served (answr pending) 06/17/2005 | |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 03/11/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/11/2005 | | Origin 1, Type E17, Track A. |
| 06/17/2005 | 2.0 | SERVICE RETURNED: Donald Gleason, in individual and official capacities(Defendant) - in hand, leaving by hand last and usul place o abode, to wit: no 206 Egremont Plain Road, Egremont,Ma |
| 06/17/2005 | 3.0 | SERVICE RETURNED: Harry Meyer, in individual and official capacities(Defendant) - Leaving at front door at 5 Tyrell Road, Egremont, Ma |
| 06/17/2005 | 4.0 | SERVICE RETURNED: Town of Egremont(Defendant) - Leaving in hand to wit: at 171 Egremont Plaind Road |
| 06/17/2005 | 5.0 | SERVICE RETURNED: Charles Ogden, in individual and official capacities(Defendant) - in hand at 153 Baldwin Hill N/S Egremont, Ma |
| 06/21/2005 | 6.0 | Court received recitation letter regarding service of defendants. |
| 07/05/2005 | | Court received certified copy of the Notice of Filing of Notice of Removal with the United states District Court from Attorney Nancy Frankel Pelletier |
| 07/05/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-077 | Trial Court of Massachusetts Superior Court Department County: BERKSHIRE |
|---|---|---|

| PLAINTIFF(S) KATHY O'MALLEY | DEFENDANT(S) TOWN OF EGREMONT, HARRY MEYER, DONALD GLEASON, and CHARLES OGDEN, in individual and official capacities |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 753 9199 David E. Ashworth, Esq. 11 Pleasant Street, Worcester, MA 01609 Board of Bar Overseers number: 549850 | ATTORNEY (if known) THE COMMONWEALTH OF MASSACHUSETTS FEBRUARY 18 AND 20 2005 MAR 11 2005 |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights | ( A ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $
2. Total Doctor expenses ................................................................ $
3. Total chiropractic expenses ......................................................... $
4. Total physical therapy expenses .................................................... $
5. Total other expenses (describe) psychtherapy ................................. $ 1000.00
   **Subtotal** $
B. Documented lost wages and compensation to date .............................. $
C. Documented property damages to date ............................................ $
D. Reasonably anticipated future medical and hospital expenses ................. $
E. Reasonably anticipated lost wages ................................................ $
F. Other documented items of damages (describe): emotional distress damages, attorneys fees, and punitive damages. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Ms. O'Malley's constitutional rights to vote, free speech, to assemble, to petition the government, to liberty and to due process were violated by defendants' on divers dates, causing her to suffer economic and non-economic damages.  **TOTAL** $ $100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A True Copy

Attest: _Deborah Stapeless_
Clerk

**TOTAL** $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTSnm

BERSHIRE, SS

PITTSFIELD SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. 05- *0ᴺ7*

KATHY O'MALLEY,                    )
    Plaintiff,                     )
                                   )
V.                                 )    COMPLAINT AND DEMAND
                                   )    FOR JURY TRIAL
TOWN OF EGREMONT, CHARLES          )
OGDEN, HARRY MEYER, AND,           )
DONALD GLEASON,                    )
    Defendants,                    )

MAR 1 1 2005

## PARTIES

1. The plaintiff is Kathy O'Malley,(hereinafter, Ms O'Malley), a resident of the Commonwealth of Massachusetts with a mailing address of 45 Lakeside Drive, P.O. Box 34, North Egremont, Massachusetts, 01252.

2. The defendant is, The Town of Egremont, a governmental entity of the Commonwealth of Massachusetts, with a mailing address of 171 Egremont Plain Road, Town Municipal Building S. Egremont, MA 01258.

3. The defendant is, Donald Gleason, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 206 Egremont Plain Road, N. Egremont, MA 01252.

4. The defendant is Harry Meyer, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 5 Tyrell Road, Egremont, MA 01252

5. The defendant is Charles Ogden, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 153 Baldwin Hill N/S, Egremont, MA 01252.

A True Copy
Attest: _Deborah Stapeless_
               Clerk

## STATEMENT OF FACTS

6.    Ms. O'Malley's home is located on 45 Lakeside Drive, a private way in the Town of North Egremont, Massachusetts, (hereinafter, the "Town"), which is not maintained or plowed by the Town, and she sought to commence an initiative petition to see if the voters would agree to maintain this road within the town budget.

7. Ms. O'Malley followed the requisite procedures for procuring a initiative and referendum petition under the principles set forth in M.G.L.A. c.53 s.22A, and/or M.G.L.A. c.43 s.38-39, and set out to obtain the necessary number of signatures to place the petition or measure before the voters of the Town.

8. In the great New England tradition, Ms. O'Malley commenced her political campaign and petitioning activities at the town transfer station and/or town dump.

9. The operation and maintenance of Transfer Station premises is a governmental function and is regulated by Massachusetts law, town ordinance and/or by-laws, and Ms. O'Malley had the legal right to access said premises as did town residents and public, and the defendant public employee responsible for the transfer station were Defendant Harry Meyer, assisted by Defendant Donald Gleason. The Chairman of the Board of Selectmen was Defendant Charles Ogden.

10. On divers dates including March 2nd, 9th and 10th of 2002, Ms. O'Malley was collecting signatures and otherwise reasonably conducting petitioning [political] activities, speech, voting rights and peaceable assembly at the Town Transfer Station, which is located on public property and is a public forum with citizens right of access.

11. On divers dates including March 2nd, 9th and March 10th, 2002, under color of state law, at the suggestion, agreement or acquiescence of Selectman Ogden, Mr. Meyer and Mr. Gleason, defendants who worked at the transfer station approached Ms. O'Malley, verbally harassed her, and threatened her with serious bodily harm and/or physically intimidated her and coerced her to cease her campaigning or petitioning efforts, and interfered with and deprived her of personal, political and civil rights, including her right to gather signatures [petition], to speak, to vote, to peaceably assemble, to privacy, to due process and in violation of her state and federal statutory rights and constitutional rights including her substantive liberty right to be free from bodily harm and arbitrary state action.

12. Plebiscite rights and rights to vote on referendum or other direct measures, to campaign for such measures, or to win the opportunity to present them to the public, are closely allied with the rights pertaining to the choice of governmental representatives and/or the right to vote.

13. On March 2, 2002, at the Town of Egremont Transfer Station, Ms. O'Malley's rights to petition, vote, free speech and to be free from arbitrary, threatening or intimidating conduct from public officials and employees, were violated where defendants' harassing verbal conduct and threats substantially interfered with Ms. O'Malley's legitimate speech, liberty, election, voting and petitioning activities

14. March 9, 2002, at approximately 1:00 p.m., Ms. O'Malley was collecting signatures at the Transfer Station, and as she walked from her car to the landfill she was besieged with loud, angry statements from two men, Defendants' Gleason and Meyer, who loudly and violently yelled, among other things,"you are not allowed here...get out of here", telling others...."don't sign anything".

15. Sunday morning, March 10, 2002, while Ms. O'Malley was at the Egremont Transfer Station, she was confronted with deliberate, loud, angry, hostile, threatening and intimidating statements to leave the premises.....,when Defendant Meyer said, "Ill make you leave with this bat", at which time he came from the door way of the shed/office on the premises toward Ms. O'Malley, holding a floor lamp over his head in a threatening gesture toward her.

16. On Sunday March 10, 2002, at the town transfer station, Mr. Meyer engaged in assaultive, unreasonably offensive and threatening conduct toward Ms. O'Malley to have her immediately leave and cease all political activity, speech and petitioning in this regard. Ms. O'Malley left the premises in fear. Ms. O'Malley and Mary B. heard Defendant Ogden tell Meyer and Gleason, "I thought I told you to throw her out of here".

17. Ms. O'Malley verbally complained to the Town on March 2nd, 9th, and 10th, 2002, and on March 11, 2002, Ms. O'Malley filed a formal written complaint with the Board of Selectmen for the Town Of Egremont, claiming threatening, intimidating, abusive, egregious and assaultive concerted conduct by certain defendants, which caused her harm and deprived and impeded her ability to exercise her constitutional rights and lawfully obtain signatures for her initiative petition.

18. On March 14, 2002, a fact finding hearing before the Board of Selectmen was held inquiring into the incident, Mr. Meyer attended and wrongfully denied his, and other defendants' conduct, thereby continuing defendants' unconstitutional conduct, failure to supervise and failure to investigate and afford Ms. O'Malley adequate due process, and Defendant Meyer left this meeting before it was concluded.

19. On or about March 15, 2002, Ms. O'Malley attended a Board of Selectman's meeting asking for a continuance of the statutory signature gathering deadline given the fact she was prevented by public officials from lawfully collecting signatures, she further asked for police protection and to investigate all defendants' conduct, and if the allegations were supported, to at minimum, terminate Mr. Meyer's employment; defendants continued to deny their unlawful conduct and further deprived Ms. O'Malley of her constitutional rights.

20. On March 15, 2002, Egremont Police Department Chief Bucknell attended the meeting and made available the report of Officer William Mooney, about the incident otherwise reported by Ms. O'Malley that occurred on March 10, 2002, at about 13:15 hours.

21. On March 26, 2002, Great Barrington District Court, Criminal Division held a Clerk Magistrate Show Cause hearing where the case was continued for nine months to December 24, 2002.

22. On or about April 18, 2002, Board of Selectman Chairman, Defendant Ogden wrote a letter to Ms. O'Malley stating that "appropriate action to rectify the situation...was already taken", but no information on what action was taken was provided to Ms. O'Malley after her inquiry, and she was further subjected to a unconstitutional conduct, a failure to supervise, a failure to investigate, an implementation of an unconstitutional town policy and procedure, and a continued violation of her constitutional and statutory rights due to defendants' actions and inactions with respect to her allegations.

23. The April 18, 2002, letter inaccurately referred only to defendant Gleason's behavior and not Defendant Meyer or Ogden's conduct, regarding behavior toward Ms. O'Malley at the Transfer Station. Defendant Meyer was the person who threatened Ms. O'Malley with a floor lamp, however this specific issue has never been reasonably or adequately adressed with respect to her claims.[ex. "A"]

24. Such extreme and outrageous actions were taken by defendants' with a deliberate indifference to Ms. O'Malley's state and federal constitutional rights, and state and federal law.

25. In a seemingly related matter, on or about June 19, 2003, Ms. O'Malley was issued a written notice of violation of an Egremont Zoning By-law, 5.1.2, which under the objective facts and circumstances constitutes retaliatory conduct against Ms. O'Malley for the exercise of her constitutional rights to speak, petition, vote, peaceably assemble, and to participate in government.

26. On July 31, 2003, Ms.. O'Malley wrote to the Town of Egremont Building Inspector, Mr. Race, concerning allegations that her shed was in violation of a zoning by-law, stating that she is being treated unfairly, and singled out, and that many other people in town, including abutters, have sheds that would be in violation of the same by-law, and specifically requested that this matter be handled in conjunction with the allegation of a zoning by-law violation against her.

27. Ms. O'Malley responded and has given notice to the Town of persons and abutters' zoning violations which encroach on her property and while action on her alleged violation has moved forward against Ms. O'Malley, no response, action or corrective remedy has taken place viz a viz complaints by Ms. O'Malley's against abutters and other similarly situated residents of the town.

28. Ms. O'Malley's brings her claims against Defendants Mr. Charles Ogden, Mr. Harry Meyer, and Mr. Donald Gleason, in their individual and official capacities, and against the Town of Egremont, for failure to supervise town employees; for the maintenance of unconstitutional policies and procedures; for acting and failing to act to create or prevent a harm causing activity, for unconstitutional and unlawful conduct using coercive and assaultive behavior to prevent Ms. O'Malley from exercising her constitutionally protected "core" rights to political action and political speech, as well as reckless and wilful concerted conduct to use an town officials' authority to influence or coerce the political action of Ms. O'Malley with deliberate indifference to the violation of her civil rights secured by the United States Constitution, Massachusetts Declaration of Rights, Article IX, and state and federal law. Ms. O'Mally claims that she was singled out by Mr Ogden, Mr. Meyer and Mr. Gleason for her petitioning [political] activity and became the target of hostile, coercive and threatening activity, and that defendants' actions and conduct,

together, constitute a civil conspiracy and an unlawful infringement upon Ms. O'Malley's constitutional right to petition the government, free speech, civil rights, liberty rights and due process rights.

30. On January 28, 2004, Ms. O'Malley made her demand under the provisions of M.G.L.A. c.258 s.4, that the Town pay to Ms. O'Malley damages, to compensate her for her loss, emotional distress, to pay for any costs of litigation, and given the egregiousness of defendants' conduct, to deter future conduct which constitutes deliberate indifference to Ms. O'Malley's, or any other citizens, clearly established state and federal constitutional rights.

## CAUSES OF ACTION

### COUNT I
(Violation of Part 1, Article IX of the Massachusetts Declaration of Rights)

31. Plaintiff repeats and realleges the allegations contained in paragraphs one through 30.

32. Ms. O'Malley was legally present at the town Transfer Station, located on public property at the time and date of her allegations, and conducted herself in a reasonable and unobtrusive manner in furtherance of her petitioning activities and at no time and in no way, did she cause disruption, interfere with, block or impede the function of the Transfer Station and residents of the Town were permitted the right of public access, and to the extent it was an traditionally effective location to obtain signatures, it was a public forum.

33. Ms. O'Mally's right to elect and commence an initiative petition and right to vote under Article 9 of the Massachusetts Declaration of Rights was violated ans as a direct and proximate result of defendants' unlawful and wrongful actions, inactions, unconstitutional policies and failure to supervise, taking into consideration such factors as the type of forum [Transfer Station], and the deliberate, wilful and egregious threats, deprivations and restrictions placed upon her constitutional right to engage in such protected activities, Ms.O'Malley's constitutional rights under Article IX of the Massachusetts Declaration of Rights, has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Article IX of the Massachusetts Declaration of Rights , and seeks compensatory damages, statutory damages, punitive damges, emotional distress damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

### COUNT II
(M.G.L.A. c.12 s.11I and 11H)

34. Plaintiff repeats and realleges the allegations contained in paragraphs one through 33.

35. Ms. O'Malley's constitutional rights and rights secured by state and federal law were interfered with and attempted to be interfered with by defendants, and such interference and attempted interference was carried out by means of threats intimidation and coercion.

36. The unlawful actions of Defendants' Ogden, Meyer and Gleason, and the Town was concerted activity to interfere, influence, coerce and/or prevent plaintiff from exercising her constitutional rights to petition the town government to place the issue of plowing and sanding certain private ways in Egremont Massachusetts, on the ballot, and was carried out with deliberate indifference to Ms. O'Malley's clearly established rights under the United States and Massachusetts Constitutions, as well as state and federal law.

37. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of M.G.L.A. c.12 s.11I and 11H, and seeks compensatory damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT III
### (Violation of Article XLVIII of the Massachusetts Declaration of Rights)

38. Plaintiff repeats and realleges the allegations contained in paragraphs one through 37.

39. Defendants' conduct in its entirety violated Article XLVIII, of the Massachusetts Declaration of Rights, in connection with Ms. O'Malley's rights with respect to initiative and referendum petitions.

40. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Article LXXVII of the Massachusetts Declaration of Rights, and seeks compensatory damages, statutory damages, punitive damges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT IV
(Violation of 14th Amendment Due Process Rights)

41. Plaintiff repeats and realleges the allegations contained in paragraphs one through 40.

42. Under the Fourteenth Amendment to the United States Constitution, the liberty interest as contemplated by due process clause, serves as protection against arbitrary deprivation by state government officials.

43. There no plausible basis for restricting Ms. O'Malley's activities and speech in this manner, and the apparent oral revocation of Ms. O'Malley's liberty right to be present at the transfer station to engage in petitioning activities and protected speech, and the method used to deprive Ms. O'Malley of her civil, personal and political rights constitutes arbitrary and capricious state action, including but not limited to prior restraint of expression activities in a traditional public forum, and constitute a violation Ms. O'Malleys rights under the 5th and Fourteenth Amendments to the United States Constitution.

44. Fundamental fairness and clearly established rights and principles of government dictate that Mr. Ogden, Mr. Meyer, Mr. Gleason and the Town, violated Ms. O'Malley's due process rights under the Fourteenth Amendment to the United States Constitution

45. Defendants actions and inactions which were extreme and outrageous were designed to deprive, violate, abridge, limit or deny Ms. O'Malley's state and federal constitutional and statutory rights to petition the government, speak, assemble and legally participate in the governing process, were all done without affording her clearly established due process rights to protect citizens like her from arbitrary and capricious governmental activity.

46. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks assurances of future non-interference with lawful political activities, monetary damages, including but not limited to, the costs of this action, attorneys fees and any other relief as the court may deem just and proper

WHEREFORE, plaintiff demands judgement against Defendants for violation of the 14th Amendment to the United States Constitution, and seeks compensatory damages, statutory damages, punitive damAges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT V
(Civil Assault)

47. Plaintiff repeats and realleges the allegations contained in paragraphs one through 46.

48. Defendant Meyer's conduct of approaching Ms. O'Malley aggressively and offensively raising a lamp above his head in a threatening and intimidating manner toward Ms. O'Malley, to cause her to reasonably be placed in fear of imminent bodily harm and to force her off the public property and from a public forum where she was petitioning, campaigning and speaking, constitutes a civil assault.

49. In addition, Ms. O'Malley will seek injunctive relief, if necessary, in the form of a court order permitting Ms. O'Malley to openly campaign and petition the government to put this same issue on the ballot for the next election, without unlawful interference, and to take any other reasonable measures as the court may deem just and proper.

50. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action.

WHEREFORE, plaintiff demands judgement against Defendants for common law civil assault, and seeks compensatory damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT VI
### (Violation of S.1983)

51. Plaintiff repeats and realleges the allegations contained in paragraphs one through 50.

52. Under color of state law, defendants' acted improperly and unlawfully to deny Ms. O'Malley her state and federal right to petition the government, to vote, to elect and be elected, to speak, to assemble and her liberty rights and otherwise violated her constitutional rights by means of threats, intimidation and coercion, and with deliberate indifference, caused her to suffer a depravation of her constitutional rights.

53. On divers dates including March 2nd, 9th and March 10th, 2002, under color of state law, at the suggestion, agreement or acquiescence of Selectman Ogden, Mr. Meyer and Mr. Gleason, defendants who worked at the transfer station approached Ms. O'Malley, verbally harassed her, and threatened her with serious bodily harm and/or physically intimidated her and coerced her, on all three occasions, to cease her campaigning or petitioning efforts, and to interfere with and deprive her of personal, political and civil rights, including her right to gather signatures [petition], to speak, to vote, to peaceably assemble, to privacy, to due process and her substantive liberty right to be free from bodily harm.

54. As a direct and proximate result of actions, conduct and policies of the Town of Egremont, and the unlawful actions of Mr. Ogden, Mr. Meyer, and Don Gleason and in this case, Ms. O'Malley has suffered direct and immediate violation of her civil rights, and seeks monetary damages, including attorneys fees and the costs of this action pursuant to 42 U.S.C. s.1983.

WHEREFORE, Ms. O'Malley demands judgement against defendants for violation of 42 USC S.1983, for the violation of Ms. O'Malley's constitutional, personal and political rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, and for violation of Article IX of the Massachusetts Declaration of Rights, violation of M.G.L.A. c.12 s.11A and H, and other constitutional torts, including civil assault, and seeks compensatory damages, emotional distress damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT VII
### (Violation of First Amendment Right to Free Speech)

55. Plaintiff repeats and realleges the allegations contained in paragraphs one through

56. Ms. O'Malley claims that, under color of state law, her liberty right to petition the government, to engage in political speech, and to privacy were deprived and violated by the defendant town and it's officials, arbitrarily, capriciously and unlawfully, and provided no procedural protections or judicial relief for content based prior restraint of Ms. O'Malley's petitioning and political expression activities, and vilated Ms. O'Malley's free speech and privacy rights under the First Amendment to the United States Constitution.

WHEREFORE, plaintiff demands judgement against Defendants for violation of Ms. O'Malley's right to free speech under the First Amendment to the United States Constitution and the state costitutional counterpart, and seeks special damages, compensatory damages, statutory damages, punitive damges, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT VIII
### (Defendants' Supervisory Liability)

57. Plaintiff repeats and realleges the allegations contained in paragraphs one through 56.

58. Defendant supervisors grossly negligently failed to supervise defendant public employees' conduct under the circumstances, especially with prior notice of unlawful conduct toward Ms. O'Malley in violation of her clearly established constitutional rights to free speech, to vote, to petition the government, to assemble and to lawfully participate in government.

59. As a direct and proximate result of actions, inactions, extreme and outrageous conduct of individual defendants, and defendants' acquiescence and participation in the unconstitutional conduct, and the maintenance and execution of unconstitutional policies and procedures of the Town, Ms. O'Malley suffered a direct and immediate violation of her clearly established constitutional rights.

WHEREFORE, Ms. O'Malley demands judgement against defendants for supervisory liability, gross negligence in supervision, and deliberate indifference to risk of harm and violation of her constitutional, personal and political rights, and seeks compensatory damages, attorneys fees, reasonable costs of the action, punitive damages, emotional distress damages, non economic damages, statutory interest, and any such other relief as the court may deem just and proper.

## COUNT IX
(Mass. Tort Claims Act c.258 s.2)

60. Plaintiff repeats and realleges the allegations contained in paragraphs one through 59.

61. The defendant's are liable for negligence and for the risk creating conduct which caused Ms. O'Malley to suffer damages and a deprivation of her constitutional rights.

WHEREFORE, Ms. O'Malley demands judgement against defendants under M.G.L.A. c.258 s.2, for gross negligence, common law torts, supervisory liability, and deliberate indifference to risk of harm and violation of her constitutional, personal and political rights, and seeks compensatory damages, attorneys fees, reasonable costs of the action, punitive damages, emotional distress damages, non economic damages, statutory interest, and any such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Mass. R. Civ. P. Rule 38, the plaintiff demands a jury trial on all issues so triable.

Respectfully submitted
Kathey O'Malley, Plaintiff
By her Attorney,

David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

## CERTIFICATION OF SERVICE

I, hereby certify that a true copy of the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL,** was served by facsimile and mail, upon, the defendants, c/o Mr. Phillip Reilly, Chairman of the Board of Selectmen, Town of Egremont, 171 Egremont Plain Road, S. Egremont, MA 01258, and Jerome Scully, Esq., Town Counsel, Hannon, Lerner, Cowhig, Scully & Bell, 184 Main Street, Lee, MA 01238, by telefax and mail this 9th day of March, 2005.

David E. Ashworth, Esq.

A True Copy

Attest: Deborah Stapeless

Clerk

**Commonwealth of Massachusetts**
**County of Berkshire**
**The Superior Court**



CIVIL DOCKET# **BECV2005-00077-A**

RE:    **O'Malley v Town of Egremont et al**

TO:David E Ashworth, Esquire
11 Pleasant Street
Worcester, MA 01609

**A True Copy**

Attest: _Deborah S. Capeless_
**Clerk**

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/09/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/08/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/08/2005 |
| All motions under MRCP 15 filed | 06/04/2006 |
| All discovery requests and depositions completed | 04/30/2007 |
| All motions under MRCP 56 served and heard | 06/29/2007 |
| Final pre-trial conference held and firm trial date set | 10/27/2007 |
| Case disposed | 03/10/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **A sitting in Superior Court-2nd Floor, Berkshire Superior
Court.**

Dated: 03/11/2005

Deborah S. Capeless
Clerk of the Courts

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

BY: Deborah A. Schilling
Assistant Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior
Court at (617) 788-8130

Check website for status of case: http://ma-trialcourts.org/tcic
cvdtraca_2.wpd 289785 trkset dillonm

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. ....05.-.0.7.7..............

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

....KATHY..O.'MALLEY..................................................................., Plaintiff(s)

v.

HARRY MEYER, ET AL

................................................, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ....David..E..Ashworth,..Esq......,

..................................................................................................................................................................,

plaintiff's attorney, whose address is ....11..Pleasant..Street,..Worcester,..MA..01609...

................................................................................................................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  *Barbara J. Rouse*  ~~ROBERT L. STEADMAN~~, Esquire at Pittsfield, the ....June 6, 2005............ day of ................................., in the year of our Lord one thousand nine hundred and ...................................

CLERK.

**A True Copy**

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED ...........................................

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 — 6-75 — 2500

(3)

## RETURN OF SERVICE

*I this day summoned the within named* HARRY MEYER

*to appear and give evidence at Court as within directed by delivering to* ....... Harry Meyer

*in hand;—leaving at* Leave at Front Dur ........................ *last and usual place of*

*abode, to wit: No.* 5 Tyrell Rd Egremont, MA ........................ *Street,*

*in the* ......Egremont......*District of said* Beshive County. *an attested*

*copy of the subpoena together with* $ 36.00 ................*fees for attendance and travel*

| | |
|---|---|
| Service and Travel | 135.00 |
| Cop. | N/c |
| Pd. Witness | 36.00 |
| Motor vehicle | 170.00 |

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

_____
*Server*

JUL 8 - 2005

*It being necessary I actually used a motor*

*vehicle the distance of* ............ *miles in the*

*service of this process*

_____
*Server*

*Subscribed and sworn to before me* ....................................

*This* ........................ *day of*

....................................

........................ *Notary Public*

My commission expires _____

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F
I
L
E
D

JUN 17 2005

F
I
L
E
D

*Deborah Staples*

**A True Copy**

Attest: *Deborah Staples*
Clerk

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-077

KATHY O'MALLEY

Plaintiff(s)

v.

TOWN OF EGREMONT, ET AL.,

Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon ........David E. Ashworth, Esq....,

plaintiff's attorney, whose address is ........11 Pleasant Street, Worcester, MA 01609........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~ROBERT L. STEADMAN~~ *Barbara J. Rouse*, Esquire at Pittsfield, the June 6, 2005 day of ........................, in the year of our Lord one thousand nine hundred and ........................ .

CLERK.

**A True Copy**

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 — 6-75 — 2500

(4.)

# RETURN OF SERVICE

*I this day summoned the within named*   TOWN OF EGREMONT.

*to appear and give evidence at Court as within directed by delivering to* ...........................................

*in hand;—leaving at*   IN HAND                                    *last and usual place of*

*abode, to wit: No.* 171  Egremont Plain Rd. .............................................. *Street,*

*in the* EGREMONT *District of said* BERKSHIRE COUNTY *an attested*

*copy of the subpoena together with* $ 35.00     A TRUE COPY ATTEST,
VICTOR RIENDEAU PROCESS SERVER
& DISINTERESTED PERSON

| | |
|---|---|
| *Service and Travel* | 135.00 |
| *Cop.* | NC |
| *Pd. Witness* | 35.00 |
| *Motor vehicle* | 170.00 |

*Server* _____   JUL 8 – 2005

*It being necessary I actually used a motor*

*vehicle the distance of* ............ *miles in the*

*service of this process*

*Server* _____

*Subscribed and sworn to before me* ...........................................

*This* ............................ *day of* ............

...........................................
                                        *Notary Public*

*My commission expires* _____

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, s.s. SUPERIOR COURT

F
I   JUN 17 2005
L
E
D

A True Copy
Attest: *Deborah S. Capeless*
                        Clerk

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. ....................................

KATHY O'MALLEY , Plaintiff(s)

v.

CHARLES OGDEN, ET AL , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon David E Ashworth, Esq

plaintiff's attorney, whose address is 11 Pleasant Street, Worcester, MA
01609 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, Barbara J. Rouse , Esquire at Pittsfield, the June 6, 2005 day
of ............................, in the year of our Lord one thousand nine hundred and ............................

CLERK.

A True Copy

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate
summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 - 6-75 - 2500

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## RETURN OF SERVICE

*I this day summoned the within named* CHARLES DEG. OGDEN

*to appear and give evidence at Court as within directed by delivering to* ....... Charles Ogden

*in hand;—leaving at* IN HANS *last and usual place of*

*abode, to wit: No.* 152 Baldwin Hill N/s Egemont, MA .............. *Street,*

*in the* Egemont .... *District of said* Bershire County *an attested*

*copy of the subpoena together with* $ 35.00 ............. *fees for actual copying and travel*

| | |
|---|---|
| *Service and Travel* | 135.00 |
| *Cop.* | N/c |
| *Pd. Witness* | 35.00 |
| *Motor vehicle* | 170.00 |

VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

_____
*Server*

### JUL 8 - 2005

*It being necessary I actually used a motor*

*vehicle the distance of* ............ *miles in the*

*service of this process*

_____
*Server*

*Subscribed and sworn to before me* ..........................................................

*This* *day of*

............................................................. ,

.............................................................
*Notary Public*

*My commission expires* _____

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED JUN 17 2005

A TRUE COPY

Attest: Deborah _____ Clerk

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. ..................

KATHY O'MALLEY
......................................., Plaintiff(s)

v.

DONALD GLEASON
......................................., Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon ....... David E. Ashworth

11 Pleasant Street, Worcester, MA 01609

plaintiff's attorney, whose address is ................................................................................
................................................................................, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in
the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or with-
in a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

Witness, Barbara J. Rouse ~~ROBERT L. STEADMAN~~ , Esquire at Pittsfield, the June 6, 2005 day
of ...................., in the year of our Lord one thousand nine hundred and ..........................

......................................
CLERK.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear and if a single
   summons is used for each defendant, each should be addressed to the particular defendant.

**A True Copy**

Clerk

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 - 6-75 — 2500

(2.)

## RETURN OF SERVICE

*I this day summoned the within named* Donald G Gleason.

*to appear and give evidence at Court as within directed by delivering to* Donald Gleason

*in hand;—leaving at* BY HAND                    *last and usual place of*

*abode, to wit: No.* 206 Egremont Plain Rd ............................................... *Street,*

*in the* EGREMONT *District of said* BERSHIRE COUNTY *an attested*

*copy of the subpoena together with* $ 35.00 ........ *fees for attendance and travel*

| | | |
|---|---|---|
| Service and Travel | 135.00 | |
| Cop. | N/C | VICTOR RIE . PROCESS SERVER<br>& DISINTERESTED PERSON<br>*Server* |
| Pd. Witness | 35.00 | JUL 8 _ 2005 |
| Motor vehicle | 170.00 | *It being necessary I actually used a motor* |

TRUE COPY ATTEST

*vehicle the distance of............ miles in the*

*service of this process*

........................................................................
*Server*

*Subscribed and sworn to before me* ...............................................

*This*                    *day of*

                                                  ,

........................................................................
*Notary Public*

My commission expires_____

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F I L E D     JUN 17 2005     F I L E D

*Attest* ........................ *Clerk*

## RETURN OF SERVICE

I this day summoned the within named *Kathy O' Malley*

to appear and give evidence at Court as within directed by delivering to *Kathy O' Malley*
in hand,—leaving at ___FRONT DOOR___                    last and usual place of
abode, to wit: No. ___45 Lake Dr Egremont___ ................................................... Street,
in the ___EGREMONT___ District of said ___BERSHIRE COUNTY___          an attested
copy of the subpoena together with ___$ 35.00___ .............fees for attendance and travel

Service and Travel ___135.00___

Cop.            ___NC___

Pd. Witness     ___35.00___

Motor vehicle   ___170.00___

_____
Server

JUL 8 _ 2005

It being necessary I actually used a motor
vehicle the distance of............miles in the
service of this process

_____
Server

Subscribed and sworn to before me .................................................

This                        day of

.................................................
Notary Public

My commission expires _____ ____

DEPUTY SHERIFF CONSTABLE
A TRUE COPY ATTEST
OF THE - PROCESS SERVER
& DISINTERESTED PERSON

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT
F I L E D
JUN 17 2005
F I L E D

A True Copy
Attest: *Deborah S Capeless*
Clerk

**Pittsfield Superior Court**
**76 East Street**
**Pittsfield ,MA**

**Victor Rie& Associates**
**61 frank st**
**Worcester, MA**

to whom it my concern

## RE: RECITATION LETTER

The below sermons were served on 06/08/05 in the Berkshire County, Egremont. Massachuset
by process server Victor Rie &Associates.   Three of the five were hand deliver and the other two
posted on the front door of the individual together with a $35.00 witness fee

Your faithfully
Victor Rie & Associates

A True Copy

Attest: _____ Clerk

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

JUL 8 _ 2005

## COMMONWEALTH OF MASSACHUSETTSnm

BERSHIRE, SS

PITTSFIELD SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. 05- 077

KATHY O'MALLEY,             )
    Plaintiff,           )
                         )
V.                          )      COMPLAINT AND DEMAND
                         )      FOR JURY TRIAL
TOWN OF EGREMONT, CHARLES   )
OGDEN, HARRY MEYER, AND,    )
DONALD GLEASON,             )
    Defendants,          )

A True Copy

Attest: _Deborah S. Capeless_
                                    Clerk

### PARTIES

1. The plaintiff is Kathy O'Malley,(hereinafter, Ms O'Malley), a resident of the Commonwealth of Massachusetts with a mailing address of 45 Lakeside Drive, P.O. Box 34, North Egremont, Massachusetts, 01252.

2. The defendant is, The Town of Egremont, a governmental entity of the Commonwealth of Massachusetts, with a mailing address of 171 Egremont Plain Road, Town Municipal Building S. Egremont, MA 01258.

3. The defendant is, Donald Gleason, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 206 Egremont Plain Road, N. Egremont, MA 01252.

4. The defendant is Harry Meyer, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 5 Tyrell Road, Egremont, MA 01252

5. The defendant is Charles Ogden, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 153 Baldwin Hill N/S, Egremont, MA 01252.

# VICTOR RIE &ASSOCIATES

61 frank st suite 22
Worcester, MA  01604

**RECETATION LETTER**

The below sermons were served on 06/08/05  in Bershire county, Egermont Massachussets

| DATE | LOCATION SERVED | PERSONS | METHODOL |
|------|-----------------|---------|----------|
| 06/08/05 | 45 Lake Drive ERGEMONT | KATHY O' MALLEY | FRONT DOOR |
| 06/08/05 | 171 egermont plain rd ERGEMONT | TOWN OF ERGERMONT | BY HAND |
| 06/08/05 | 206 ergermont plain rdERGEMONT | DONALD GLEASON | BY HAND |
| 06/08/05 | 5 tyrell rd ERGEMONT | HARRY MEYER | FRONT DOOR |
| 06/08/05 | 153 baldwin hill ERGEMONT | CHARLES ORGEDEN | BY HAND |

ALL THESE SERMOS WERE SERVED ON 06/08/05 AND WITH A $35.00 WITNESS FEE

PROCESS SERVER   VICTOR RIE.

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

JUL 8 _ 2005

A True Copy
Attest: Deborah Staples
Clerk

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

F I L E D

JUN 2 1 2005

*Deborah Stapelss*

F I L E D

**Pittsfield Superior Court**
**76 East Street**
**Pittsfield ,MA**

**Victor Rie& Associates**
**61 frank st**
**Worcester, MA**

to whom it my concern

## RE: RECITATION LETTER

The below sermons were served on 06/08/05 in the Berkshire County, Egremont. Massachuset
by process server Victor Rie &Associates.   Three of the five were hand deliver and the other two
posted on the front door of the individual together with a $35.00 witness fee

*Warren*

Your faithfully
Victor Rie & Associates

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

JUL 8 _ 2005

A True Copy

Attest *Deborah Stapelss*    Clerk

# VICTOR RIE &ASSOCIATES

## 61 frank st suite 22
## Worcester, MA  01604

**RECETATION  LETTER**

The below sermons were served on 06/08/05  in Bershire county, Egermont Massachussets

| DATE | LOCATION SERVED | PERSONS | METHODOL' |
|------|-----------------|---------|-----------|
| 06/08/05 | 45 Lake Drive ERGEMONT | KATHY O' MALLEY | FRONT DOOR |
| 06/08/05 | 171 egermont plain rd ERGEMONT | TOWN OF ERGERMONT | BY HAND |
| 06/08/05 | 206 ergermont plain rdERGEMONT | DONALD GLEASON | BY HAND |
| 06/08/05 | 5 tyrell rd ERGEMONT | HARRY MEYER | FRONT DOOR |
| 06/08/05 | 153 baldwin hill ERGEMONT | CHARLES ORGEDEN | BY HAND |

ALL THESE SERMOS WERE SERVED ON 06/08/05 AND WITH A $35.00 WITNESS FEE

PROCESS SERVER   VICTOR RIE.

A TRUE COPY ATTEST
VICTOR RIE - PROCESS SERVER
& DISINTERESTED PERSON

JUL 8 _ 2005

A True Copy

Attest: Deborah S Capeless    Clerk

COMMONWEALTH OF MASSACHUSETTSnm

BERSHIRE, SS

PITTSFIELD SUPERIOR COURT
CIVIL DIVISION
DOCKET NO. 05-

KATHY O'MALLEY,                     )
    Plaintiff,                      )
                             )
V.                                  )      COMPLAINT AND DEMAND
                             )      FOR JURY TRIAL
TOWN OF EGREMONT, CHARLES           )
OGDEN, HARRY MEYER, AND,            )
DONALD GLEASON,                     )
    Defendants,                     )

## PARTIES

1. The plaintiff is Kathy O'Malley,(hereinafter, Ms O'Malley), a resident of the Commonwealth of Massachusetts with a mailing address of 45 Lakeside Drive, P.O. Box 34, North Egremont, Massachusetts, 01252.

2. The defendant is, The Town of Egremont, a governmental entity of the Commonwealth of Massachusetts, with a mailing address of 171 Egremont Plain Road, Town Municipal Building S. Egremont, MA 01258.

3. The defendant is, Donald Gleason, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 206 Egremont Plain Road, N. Egremont, MA 01252.

4. The defendant is Harry Meyer, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 5 Tyrell Road, Egremont, MA 01252

5. The defendant is Charles Ogden, an individual who is a resident of the Commonwealth of Massachusetts, who is being sued in his individual and official capacity, with a mailing address of 153 Baldwin Hill N/S, Egremont, MA 01252.

A True Copy

Attest: _Deborah S. Capeless_

Clerk