UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHY O'MALLEY, )  CIVIL ACTION NO. 05-30151
    Plaintiff, )
 )
V. )
 )
TOWN OF EGREMONT, CHARLES )
OGDEN, HARRY MEYER, AND, )
DONALD GLEASON, )
    Defendants, )

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiff submits her opposition to Defendants' Motion to Dismiss all claims for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6).

**I. STANDARD OF REVIEW:**

Under Fed R. Civ. P. Rule 12(b)(6), defendant must prove there are no set of facts that would support plaintiffs claims. Such a motion should be granted when it is proved beyond a doubt that the non-moving party can prove no set of facts which would entitle it to relief. Feliciano v. State of Rhode Island., 160 F.3d 780 (1st Cir. 1998); Roma Const. Co. V. Russo., 96 F.3d 566, 569 (1st Cir. 1996). For the purposes of a Rule 12(b)(6) motion to dismiss, all well pleaded facts in the complaint are taken as true, all doubts and inferences are resolved in the plaintiff's favor and the pleading is viewed in a light most favorable to the plaintiff. Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996). Courts hesitate to dismiss claims in the initial stages of litigation since a party may require discovery. Reso;ution Trust Co. V. Driscoll, 985 F.2d 44, 48 (C.A.1 1993). The Court may look to stipulated authentic documents referred to in

the pleadings in deciding a motion to dismiss.(see, Edwin v. Blenwood Associates, 9 F. Supp.2d 70 (D. Mass 1998)).

Plaintiff has alleged facts and has made clear and concise claims in her complaint, and will present evidence at trial to support each claim. (See, Fed. R. Civ. P. Rule 8; see also, Swierkiewicz v. Sorema, 122 S.Ct. 992, 998 (2002)). Defendants are hard pressed to establish that there is a conflict in the material issues of fact in their favor, let alone present sufficient evidence to prove there are no genuine issues of material fact, and plaintiff respectfully requests that defendants motions be denied.

## II. ARGUMENT

### A. Plaintiff's Claims Are Not Time Barred Under M.G.L.A. c.260 s.4, and Federal Law.

Fed. R. Civ. P. Rule 6(a) provides in part that: "the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day on which weather or other conditions have made the District Court Clerk's Office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days".

Plaintiff's counsel did intend and attempt to file the case in Pittsfield Superior Court on March 10, 2002, leaving Worcester at approximately 1:45 p.m. arriving at approximately 5:10 p.m., and was delayed approximately one and one half hours, due to extreme weather conditions, (rain, a heavy downpour, poor visibility), on Route 290 West, the Massachusetts Turnpike West, and 7 North to Pittsfield, Massachusetts. Counsel was forced to exit the Massachusetts Turnpike at Exit 10 due to weather conditions and weather caused traffic, which rendered the Clerk's Office

inaccessible by 5:00 p.m., under the circumstances. When counsel finally arrived at 5:10 p.m., the Courthouse doors were locked and upon inquiry determined that the Clerk's Office had closed for the day. Counsel arrived at Pittsfield Superior Court Clerks Office on March 11, 2005, at 8:30 a.m., and filed the complaint at approximately 9:00 a.m., paid the appropriate filing fees and had summons issued to each defendant. (See, Ex. "A") A 1985 amendment to FRCP Rule 6(a), acknowledged that weather conditions or other events may render the clerks office inaccessible one or more days.(See, Wright & Miller, Federal Practice and Procedure, Rule 6, Advisory Committee Notes).

In the alternative, plaintiff would request that this court consider her opposition to defendants' motion to dismiss, a motion under the standards of Fed. R. Civ. P. Rule 6(b)(2), to extend the time, after the expiration of the specified period, to permit the act to be done where the failure to act was a result of excusable neglect.

Moreover, the plaintiff alleged that defendants committed various wrongful acts and omissions, on March 2, March 9, March 10, March 11, March 12, March 14, March 15, March 26, and, April 18, 2002, and acted and otherwise failed to act prior to and after these dates, in an alleged course of continuing conduct by the named defendants, which places plaintiff's March 11, 2005, filing date well within the three year statute of limitations. Defendant admits in their motion that plaintiff was dissatisfied with the investigation undertaken by the Select Board in connection with her complaints against defendants between March 11 and April 18, 2002. Plaintiff claims the Defendant Town had maintained unconstitutional customs and policies. (See, defendants' motion p. 4). Plaintiff claims that Defendant Meyer's, and other named defendant's, engaged in a course of continuing conduct to defeat her "core" constitutional and federal rights with regard to free

speech, voting and political action. Each of plaintiff's claims are separately set forth in her complaint, including; a violation of her state and federal civil rights, assault, failure to supervise certain public employees, violation of her First Amendment rights, liability under the Massachusetts Tort Claims Act, due process violations in connection with "conscience shocking" conduct and identified constitutional deprivations, defendants' bad faith investigation, and the maintenance of unconstitutional customs and policies. (See, Plaintiff's Complaint, para 6-28). Plaintiff avers that she has a likelihood of success on the merits concerning the material facts which gave rise to her claims.

Finally, as to the state law claims, Massachusetts Courts as well as a majority of other jurisdictions have adopted the rule that, where plaintiff has claimed a trial by jury, any disputed issues relative to the statute of limitations ought to be decided by the jury. Riley v. Presnell, 427 Mass. 560, 694 N.E.2d 780 (1991).

### B. Defendant Has Failed to Demonstrate That Plaintiff Can Prove No set of Facts Which Would Entitle Her to Relief Under the Claims as Set Forth in Her Complaint.

**1. Plaintiff does allege that defendants' collective and additional wrongdoing was allowed to occur specifically due to defendants' failure to take appropriate action.**

To establish municipal liability, a plaintiff must demonstrate not only that a custom caused the deprivation of her rights, but also that the challenged practices were so widespread or flagrant, that in the proper exercise their official responsibilities the municipal policymakers should have known of them. (See, Bordanaro v. McCloud 871 F.2d 1151, 1157.(1st Cir. 1989); lack of proper internal investigation and failure to discipline officers involved). Contrary to defendants' assertions in their motion to dismiss, plaintiff's substantive allegations contend that she was not only dissatisfied with the investigation and employment decisions undertaken by the Select Board,

but that defendants' (and policymakers) actions and inactions, ongoing harassment, the failure to supervise public employees, and the maintenance of a constitutionally impermissible custom of acquiescence by policymaking officials, on many dates, caused the violation of plaintiff's constitutional, federal and state rights.(See, Kibbe v. City of Springfield, 777 F.2d 801, 805 (1st Cir. 1985).

Plaintiff has alleged sufficient facts to support cognizable claims, and asserts a legal theory of recovery cognizable at law. Plaintiff avers that her allegations against defendants are not difficult to comprehend, nor are they conclusory assertions, subjective characterizations, or outright vituperation. The defendants contend that they cannot discern from plaintiff's "rambling statements", which counts she alleges relate to the action that purportedly occurred after March 10, 2002. Plaintiff argues that all counts relate to conduct occurring before, on and after, March 10, 2002.(See plaintiff's complaint paragraphs 6-28).

Defendant claims that plaintiff's complaint contains no facts whatsoever which suggest involvement by any defendant herein in the decision to issue the Notice Of Violation on or about June 19, 2003. The Notice of Violation issued by the Town building inspector concerning plaintiff's shed setback zoning requirement, is one relevant fact, not the central basis of her claims, which contrary to defendants assertions, commenced well under a year a after the allegations contained in the complaint. (emphasis supplied).

**2. Plaintiff's Complaint Sets forth a Prima Facie Case of Violation of Plaintiff's Referendum Rights, Rights To Political Action, and First Amendment Rights.**

In this case, plaintiff's ballot initiative petition sought to extend town snow plowing services to a private way where plaintiff and other town residents lived.(see, Plaintiff's Complaint para. 6).

Plaintiff claimed she had a legal right of access to the Transfer Station where she carried on her political activities, her signature collection activities, and exercised her First Amendment rights. (see, Plaintiff's Complaint para. 9). The statutory framework for the initiative process in Massachusetts initiative process cited by the plaintiff, serves as proof that the initiative process is a right secured by law. (See, M.G.L.A. c.48 s.38-39).

Defendants Ogden, Meyers and Gleason took unlawful affirmative action, and failed to intervene to the known violation of plaintiff's rights, with a bad motive, and an improper purpose to control the content of plaintiff's political speech. The defendant Select Board not only denied her request for more time to file her petition, notwithstanding the circumstances of the events of March 2, March 9, March 10, 2002, March 11, 2002, March 14, 2002, March 15, 2002, March 26, 2002, but on divers dates thereafter through at least April 18, 2002, took adverse action and directly interfered with the exercise of her constitutional and civil rights.(see, Plaintiff's Complaint para. 19). Defendants admit he Great Barrington Police investigated plaintiff's claims of defendants' unlawful conduct, and that a criminal magistrate's hearing was held in Southern Berkshire District Court, Criminal Division, with respect to the assaultive actions of Defendant Meyer.(Threat to hit plaintiff with a lamp). Plaintiff submitted under oath testimony that she felt threatened and assaulted at the Transfer station, and thereafter was threatened , intimidated and coerced to cease the exercise of here constitutionally protected rights.

Plaintiff claims that M.G.L.A. c.53 s.22A, and M.G.L.A. c.43 s.38-39, does apply to this action, and defendants do not deny that plaintiff was otherwise engaged in political action, collecting signatures for a ballot initiative petition, and exercising her free speech rights under the First Amendment. Contrary to defendants' assertion, plaintiff does not claim the Select Board

failed to amend mandatory time frames contained in the statute, but rather, with knowledge of the time frames and deadline dates, defendants' negligently and deliberately acted and failed to act, to deprive plaintiff of her rights to submit signatures in support of her citizen petition and thereafter abused their power to quash plaintiff's complaints about the sequence of events. Plaintiff avers knowledge and acquiescence by Defendant Ogden, the Chairman of the Select Board, and his active participation in defendant Meyer's and Gleason's unlawful interference with plaintiff's protected activities. Plaintiff claims the acts and omissions of the Select Board with respect to plaintiff's complaints, the internal investigation of the facts, and the disciplinary action taken, were carried out in violation of plaintiff's constitutional and statutory rights.

Plaintiff avers that defendants' egregious, threatening, and assaultive conduct, defendants' failure to train and supervise public employees, Defendant Meyer's threats and intimidation of plaintiff at the Transfer Station, the Select Board Meetings, and fact finding hearings, in March, 2002, defendants' bad faith investigation of plaintiff's complaint to the Select Board, and the defendants' inaction to affirmative unlawful acts by certain public employees, and, their unlawful denial of all allegations of threats intimidation, coercion or assault, in the face of overwhelming evidence to the contrary, constitutes further acts and conduct in direct violation of plaintiff's constitutional rights, which give rise to plaintiff's claims.(see, Plaintiff's Complaint para. 6-28).

### 3. Actions of the Town Building Inspector Are Relevant to This Case:

The plaintiff claims the Town's selective enforcement of this zoning regulation with respect to plaintiff's shed setback requirements, relatively contemporaneously with the instant action, is relevant evidence to motive, bias and whether defendant's conduct constitutes unlawful retaliation for the exercise of her First Amendment rights and the exercise of her initiative petetion signature

gathering rights under the state and United States Constitution. Defendants' contention that this dispute arose in excess of a year after the alleged wrongdoing is simply not true.

### 4. Counts I and II:

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show by a preponderance of the evidence that: (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997); Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994).

Defendants do not contest allegations that, at all relevant times, they were on duty and acting under color of state law. The second element requires that plaintiff establish that Mahoney's conduct was a cause of the alleged deprivation of rights secured by the Constitution or federal laws. ( Maldonado Santiago v. Velazquez Garcia, 821 F.2d 822, 831 (1st Cir. 1987) ("Section 1983 imposes a causation requirement similar to that of ordinary tort law."). Count VI of plaintiff's complaint sets forth her claims under S. 1983, which includes the violations of her rights under the First Amendment (Count VII), her state Constitutional right under Article IX (Count I), and her state civil rights (Count II). Plaintiff has claimed among other causes of action, that she was prevented by public officials from lawfully collecting necessary signatures for her initiative petition, and that defendants' continuing actions and inactions amount to deliberate indifference to plaintiff's clearly established constitutional rights, constitute a violation of her rights under Part1, Article IX of the Massachusetts Declaration of Rights, and under M.G.L.A. c.12 s.11I and H.

It is well settled that government may not place obstacles in the path of the exercise of constitutionally protected activity. Student Governement Association v. Board of Trustees of University of Massachusetts, 868 F.2d 473 (1989). Part 1, Article IX of the Massachusetts Declaration of Rights grants citizens the constitutional right to political action, voting rights, and free speech. Plaintiff will seek leave of court to amend her complaint to add a claim under Article 48 s.1 of the Massachusetts Constitution, allowing citizens to fashion laws using initiative petitions, and a violation of plaintiff's rights under the Fourth Amendment. (See, Straham v. Frazier, 156 F.Supp.2d 80 (2001). Claims under the Massachusetts Constitution require a deprivation of rights fairly attributable to the state. Delmonte v. Laidlaw, 46 F.Supp.2d 89 (1999). Plaintiff contends in the first instance, that she has set forth a constitutional question. (See Saucier v. Katz, 533 U.S. 194 (2001)). To address this issue, the First Circuit has suggested that the courts should look beyond the complaint to the broader summary judgement record. Riverside Mills Corp. V. Pimpare, 392 F.3d 55, 59 n.5 (1st Cir. 2004).

**5. Town of Egremont:**

Plaintiff claims defendant's maintained an impermissible policy or custom in violation of the law and has presented direct evidence in this case of an unconstitutional municipal policy or custom. Monell v. Dept. of Social Services, 436 U.S. 658, 690-695 (1978). Defendant blatantly refuses to acknowledge that plaintiff in her complaint, clearly alleges many more than one incident of misconduct which took place through April 18, 2002. In addition, plaintiff alleges that the Select Board, including the chief supervisor, policymaker and decisionmaker, Defendant Ogden, had knowledge of Defendant Meyer's prior similar misconduct. Plaintiff suggests that given the sequence of dates of unlawful infringements, defendants' discussed the means and plans to deprive plaintiff of her rights under law. Plaintiff contends that it was defendant's impermissible policy and

custom not to take adverse or corrective employment action against defendants, and knowingly turning a blind eye and or assisting defendant's in their unlawful and unconstitutional activity, which directly caused this plaintiff to suffer the harm alleged, including emotional distress.

**6. Respondiat Superior Liability:**

Plaintiff also asserts liability against defendants based upon a policy and custom of inadequate training, supervision, discipline , screening or hiring. Plaintiff has further alleged that the supervisor was the primary actor involved in or prime mover behind the underlying violation. Plaintiff has set forth substantial evidence at this stage in the proceedings, to a serious of affirmative acts or some conduct which amounts to implicit authorization on the part of the supervisor with respect to his employees behavior. (See, Aponte Matos v. Toledo Davilla, 135 F.3d 182, 192 (1st Cir. 1998). Plaintiff contends that Defendant Meyer's supervisor, Defendant Ogden, was a primary actor involved in or a prime mover behind the underlying violation. Plaintiff has alleged and offered proof that Defendant's Meyer, Ogden and Gleason opposed plaintiff's lawful petitioning activities at the Transfer Station, and wilfully, wantonly and recklessly engaged in conduct and failed to act, to deprive plaintiff of her civil rights. Defendant Ogden's knowing authorization of defendant Meyer's and Defendant Gleason's actions amounts to implicit authorization on the part of the supervisor with respect to the employees behavior. Aponte supra. at 192. Plaintiff has specifically set forth defendants acts and inactions, including the failure to supervise with deliberate indifference toward the possibility that a deficient performance of the task eventually may contribute to a civil rights violation. Carmillo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999).

In this regard, plaintiff has established that defendants conduct was spurred by a constitutionally impermissible motive and therefore defendant may be held liable under Section 1983, based upon decisions formally adopted and promulgated by town rulemakers. Scott-Harris v. City of Fall River, 134 F.3d 427 (1997). Plaintiff argues the investigation by the town of plaintiff's complaints regarding the conduct of certain public employees, and subsequent ratification of defendants acts, constitutes an decision or adoption, by the Select Board, of an official act for which the Town may be held liable.

### 7. Violation Of Plaintiff's Due Process Rights:

Plaintiff claims procedural and substantive due process violations in Count IV of her complaint. Plaintiff claims defendants deliberately and with indifference to her rights, acted to infringe upon plaintiff's liberty interest to be free from apprehension of harm from state actors, free from the infringement of her voting rights, and "core political speech" rights. There are two theories under which a plaintiff may bring a substantive due process claim. Under the first, the plaintiff must demonstrate a deprivation of an identified liberty or property interest protected by the 14th Amendment; and, under the second theory, a plaintiff is not required to prove the deprivation of a specific liberty or property interest, but rather, he must prove that the state's conduct "shocks the conscience. Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 622 (1st Cir 2001) citing Brown v. Hot, Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1st Cir. 1995). .

Plaintiff's liberty interest under the 14th Amendment, as contemplated by the due process clause, serves as a protection against arbitrary deprivation by state governmental officials. Amsden v. Moran, 904 F.2d 748, 752 (1st Cir. 1990) Plaintiff contends that defendants' conduct

amounts to arbitrary deprivation of her rights by public officials, and she has shown that the state action was itself, "egregious, unacceptable, outrageous or conscious shocking.(see, Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990); see also, Cummings v. McIntire, 271 F.3d 341, 345-346 (2001);(analysis of whether use of force "shocks the conscience", and the intention of the Due Process Clause to prevent governmental officials from abusing their power or employing it as an instrument of oppression). Plaintiff's factual averments in this regard are objectively unambiguous, and defendants' representations that plaintiff's claims are "incomprehensible", are not reasonably supported by the evidence.

Defendant's legal analysis under Creative Environments, Inc. v. Eastbrook, 680 F.2d 822 (1st Cir. 1982), is misplaced in that this case does not involve a land use issue, rather, the unconstitutional and unlawful conduct of state actors, including the use of threats, intimidation and coercion to deprive plaintiff of her rights secured under the State and United States Constitutions and state and federal law.

**8. Defendants Violated Plaintiffs Right To Free Speech Under The First Amendment**

The Supreme Court has made clear that the process involved in proposing legislation by means of initiative involves core political speech; .....and the solicitation of signatures for a petition involves protected political speech. Meyer v. Grant, 486 U.S. 414, 422 n.5 (1988). Plaintiff was unquestionably engaged in political speech which is protected under the First Amendment. Plaintiff in her complaint set forth and independent claim of the violation of her free speech rights, and as part of her action under s.1983, she has alleged that the government deliberately, willfully, recklessly, egregiously and violently violated her free speech rights under the First Amendment to

the United States Constitution, and defendants' motion to dismiss should be denied.(see, <u>Abany v. Fridovich</u>, 862 F.Supp 615 (1994)).

### 9. Qualified Immunity:

Federal Courts in Massachusetts have identified a three-step process for evaluating qualified immunity claims: (1) whether the claimant has alleged the deprivation of an actual constitutional right; (2) whether the right was clearly established at the time of the alleged action or inaction; and (3) if both of these questions are answered in the affirmative, whether an objectively reasonable official would have believed that the action taken violated that clearly established constitutional right.(see, <u>Starlight Sugar, Inc. v. Soto</u>, 253 F.3d 137, 141 (1st Cir. 2001)). In <u>Saucier v. Katz</u>, 533 U.S. 194, 199 (2001), the Supreme Court explained that the pure constitutional question (i.e., the first prong) "must be the initial inquiry," and courts may not simply "skip ahead to the question whether the law clearly established that the officer's conduct was unlawful in the circumstances of the case." 533 U.S. at 201. Saucier explained that courts must address the constitutional merits question first in order to facilitate the development of the law:

Next, the relevant and dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. <u>Saucier v. Katz</u>, 533 U.S. 194, 199 (2001)). Plaintiff argues that the unlawful acts were not discretionary....that the laws violated were clearly established.....and a reasonable official or official's could <u>not</u> have believed that their actions were lawful in light of clearly established law and the information possessed by the official at the time of the allegedly unlawful conduct"

(see, Anderson v. Creighton, 483 U.S. 635, 640 (1987).(qualified immunity analysis under the Fourth Amendment). In the case at bar, there was no discretionary activity by the defendants which led to the violation of plaintiff's rights. Defendant's intended to defeat plaintiff's petition and unlawfully took action to do so.

Moreover, the defendant actors and supervisors in this case are not entitled to qualified immunity in that violation of clearly established law resulted in the constitutional deprivations and statutory violations plaintiff complains of.(see, Saucier v. Katz, 533 U.S. 194, 201 (2001).

## 10. Defendants Violated Plaintiff's Civil Rights Under M.G.L.A. c.12 s.11I

The Massachusetts Civil Rights Act does not create ant substantive rights but rather provides a mechanism to obtain relief for violations of rights conferred by state and federal law. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573 (2001).

Plaintiff has alleged and has presented proof that her exercise or enjoyment of rights secured by the Constitution and state and federal law have been interfered with, attempted to be interfered with, and that the attempted interference was by threats, intimidation and coercion. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 577 (2001). Defendants' repeated contention that there are simply no allegations of threats, intimidation and coercion alleged in plaintiff's complaint is wholly inaccurate. Plaintiff has set forth unrebutted allegations that her constitutional, and her state and federal statutory rights were violated by threats intimidation and coercion, to wit, harassing, coercive, assaultive and other threatening behavior toward her person while she conducted petitioning activities at the Transfer Station. Defendants again conspicuously ignore

plaintiff's well plead facts of threats, intimidation and coercion by defendants with regard to plaintiff's exercise of her voting rights, her free speech rights, her rights to petition the government, and her right to be free from arbitrary and threatening conduct by a state actors. (See, Plaintiff's complaint para. 6-28)

### 11. Mass. Tort Claims Act:

The Massachusetts Tort Claims Act provides that the public employer is liable for the harm caused by negligent or wrongful acts or omissions of it's public employees acting within the scope of their employment. Consolo v. George, 835 F.Supp 49 (1993). Plaintiff contends that Defendant, Town of Egremont, is liable to plaintiff under the state created danger theory.(see, M.G.L.A. c.258 10(j); see also plaintiff's complaint para. 61). The Town of Egremont is the properly named party in plaintiff's civil rights claims, negligence claims, and M.G.L.A.c.258 s.2, claims against public employees. (See, Jackson v. Town of Milton, 41 Mass. App. Ct. 908 (1996)). A city may be found liable either for failing to implement a training program for it's officers or for implementing a program that was grossly inadequate to prevent the type of harm suffered by the plaintiff. Voutour v. Vitale, 761 F.2d 812, 820-21 (1st Cir. 1985). The conduct and actions of the individually named defendants, as alleged objectively constitutes tortious, reckless, threatening, and risk creating activity which renders defendant liable under the Act.(see, M.G.L.A. c.258 10(j); see also plaintiff's complaint para. 61).

### 12. Defendant Meyer's Conduct Constitutes a Civil Assault:

To be liable for assault and battery, the defendant only need to have intended to cause the unpermitted contact, not the harm sustained by plaintiff. Waters v. Blackshear, 412 Mass. 589,

591 N.E.2d 184, 185-186 (1992). The minutes of the Select Board meeting and South Berkshire District Court, confirm Defendant Meyer's confrontation with plaintiff at the Town of Egremont Transfer Station. The tort of civil assault involves one's freedom from apprehension of a harmful or offensive contact with the person. Assault is a mental invasion rather than a physical invasion, and it follows that the damages recoverable for it are those for the plaintiff's mental disturbance. Ross v. Michael, 246 Mass. 126 (1923). Defendants have failed to respond to, rebut or address plaintiff's allegations of defendant's assault upon plaintiff's person. Plaintiff has described events on March 10, 2002, and March 14, 2002, as an offer to use force. (see, Prosser, Torts 4th s.10 (1971)).

### III. CONCLUSION:

For the foregoing reasons, plaintiff seeks dismissal of defendants' motion to dismiss, and to permit plaintiff to amend her complaint, where defendants now claim the lack of federal jurisdiction, under the circumstances of defendants' removal to federal court and, to conform to the evidence. Plaintiff also requests that this court order defendants to pay attorneys fees and costs associated with the defense of this motion to dismiss, under the circumstances, and to make any other orders that the court may deem just and proper.

**PLAINTIFF RESPECTFULLY REQUESTS A HEARING ON THIS MOTION.**

Respectfully submitted
Kathey O'Malley, Plaintiff
By her Attorney,

_____
David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

## CERTIFICATION OF SERVICE

I, hereby certify that a true copy of the foregoing, **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS STATUS REPORT,** was served upon, the defendants' counsel of record, Ms. Nancy Frankel Pelletier, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, Springfield, MA 01115, and Jerome Scully, Esq., Town Counsel, Hannon, Lerner, Cowhig, Scully & Bell, 184 Main Street, Lee, MA 01238, by telefax and mail, this 1st day of November, 2005.

_____
David E. Ashworth, Esq.