UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHY O'MALLEY, | ) | CIVIL ACTION NO. 05-30151 |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| TOWN OF EGREMONT, CHARLES | ) | |
| OGDEN, HARRY MEYER, AND, | ) | |
| DONALD GLEASON, | ) | |
|     Defendants, | ) | |

**OBJECTION PURSUANT TO RULE 3(b), OF THE RULES
OF UNITED STATES MAGISTRATES**

Now comes the Plaintiff, Kathy O'Malley, in the above captioned matter, and hereby submits her objection to the findings and recommendations of the honorable United States Magistrate Judge Kenneth P. Neiman, pursuant to the Rules of the United States Magistrate, Rule 3(b). Plaintiff received actual notice of the Report and Recommendation on March 20, 2006, when counsel checked his e-mail Monday morning.

Plaintiff avers that the conduct of all defendants before and after March 10, 2002, was continuing conduct which should equitably toll the statute of limitations until at least March 14, 2002, when plaintiff was further intimidated at a Town Meeting with Defendant Gleason and where his complete and angry denial of plaintiff's allegations and unreasonable confrontation, caused her to again cease any and all petitioning activities or risk further threats of harm and retaliation. Plaintiff did nor argue that the request to enlarge time encompass March 2 and March 9, 2002, because both those dates involved oral harassment of plaintiff only and the weather

exception would not otherwise reasonably extend to those dates. Plaintiff requests that the court vacate the report and recommendation and permit plaintiff's claims inclusive of March 10, 2002.

Plaintiff contends that the weather exception of the Federal Rules of Civil Procedure should apply in that the phrase, "makes the court inaccessible", does not absolutely require the Clerk's office to be closed, rather that weather conditions, reasonably under the circumstances has caused the Clerks office to become inaccessible on the date of filing. United States v. Leather v. H&W Partnership, 60 F.3d 222 (5th Cir. 1995). Plaintiff respectfully requests that the court consider the facts contained in counsel's affidavit, as accurately recited by the court, to otherwise constitute excusable neglect where weather did cause the Clerk's office to become inaccessible, where counsel, although admittedly filing near the deadline, had allowed for over a one hour delay and was delayed one hour and ten minutes, due to weather conditions. Plaintiff filed the complaint the next morning.

Plaintiff did not check a weather report before he left his office and represents that he felt the rain would not cause such a delay. As stated, it was the rain and poor visibility, which appeared to have traffic slowed to a stall on the turnpike when counsel decided to attempt an alternate route to avoid traffic and was confronted with further delay and was forced to resume travel on the turnpike. Counsel did not have a cell phone and as the time grew close he felt it would be better to attempt to make the clerks office rather than take the time to stop and call. Plaintiff respectfully requests that the court consider these reasons in support of her motion under Fed. R. Civ. P. Rule 6(a). (see also, Bergson v. Mansour, 152 F.2d 27 (1974)

WHEREFORE, for the foregoing reasons plaintiff objects to the Report and Recommendation and respectfully asks this court to vacate the judgement dismissing the complaint as to claims prior to March 11, 2002.

    Respectfully submitted
    Kathey O'Malley, Plaintiff
    By her Attorney,

    "/s/ David E. Ashworth, Esq."
    _____
    David E. Ashworth, Esq.
    11 Pleasant Street
    Worcester, MA 01609
    (508) 753 9199
    BBO# 549850

## CERTIFICATION OF SERVICE

I, hereby certify that a true copy of the foregoing **OBJECTION PURSUANT TO RULE 3(b), OF THE RULES OF UNITED STATES MAGISTRATES,** was served upon, the defendants' counsel of record, Ms. Nancy Frankel Pelletier, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, Springfield, MA 01115, and Jerome Scully, Esq., Town Counsel, Hannon, Lerner, Cowhig, Scully & Bell, 184 Main Street, Lee, MA 01238,.by e-filing , this 28th day of March, 2005.

    "/s/ David E. Ashworth, Esq."
    _____
    David E. Ashworth, Esq.